**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KENNETH FIELDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 06-323-GPM** |
| | ) | |
| **JAY HENGES ENTERPRISES, INC.,** | ) | |
| **J. HENGES ENTERPRISES, INC.,** | ) | |
| **HENGES INTERIORS, INC., and** | ) | |
| **HENGES INTERIORS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion to remand brought by Plaintiff Kenneth Fields (Doc. 10). For the following reasons, the motion is **GRANTED**, and this action is remanded to state court pursuant to 28 U.S.C. § 1447(c) by reason of a procedural defect in removal.

## INTRODUCTION

Plaintiff Kenneth Fields originally filed this case in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on May 6, 2005, seeking recovery for personal injuries he allegedly suffered while working on a construction site in St. Clair County, Illinois. *See* Complaint ¶ 1, ¶ 3. Specifically, Plaintiff alleges that on May 30, 2003, Defendants Jay Henges Enterprises, Inc., J. Henges Enterprises, Inc., Henges Interiors, Inc., and Henges Interiors (hereinafter, collectively, "Defendants"), through their agents and employees, negligently sprayed him with chemicals, causing him to contract skin disease. *See id.* ¶ 1, ¶ 3, ¶ 5, ¶ 6. On April 26, 2006, Defendants removed the case to this Court, asserting the existence of federal subject

matter jurisdiction in diversity.  *See* 28 U.S.C. § 1332; *Id*. § 1441.  Following removal, Defendants

brought a third-party claim against Kane Mechanical, Inc., Plaintiff's employer at the jobsite where

he was injured, asserting a demand for contribution under the Illinois Joint Tortfeasor Contribution

Act, 740 ILCS 100/0.01 – 100/5.  On May 23, 2006, Plaintiff moved for remand of the case to state

court on the grounds that removal of the case is untimely under 28 U.S.C. § 1446(b).  Defendants

having filed their response to Plaintiff's motion for remand, the Court now is prepared to rule.

### DISCUSSION

#### A.      Legal Standard

Removal based on diversity requires that the parties be of diverse state citizenship and that

the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332; *Id*. § 1441.  *See also Rubel v.*

*Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000

WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).  The party seeking removal has the burden of establishing

federal jurisdiction.  *See Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 654 (7th Cir. 2005).

"Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his

or her forum."  *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  Put another way, there

is a strong presumption in favor of remand.  *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660,

664 (7th Cir. 1976).  A defendant seeking to remove a case in diversity jurisdiction must file a notice

of removal within thirty days after service of the complaint.  *See* 28 U.S.C. § 1446(b).  If, however,

a case is not removable at the outset, a notice of removal may be filed within thirty days after the

defendant receives "a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable."  *Id*.

Failure to effect timely removal under 28 U.S.C. § 1446(b) is a procedural defect in removal,

not a jurisdictional one, and it is waived unless raised by a plaintiff within thirty days of the date of

removal.  *See In re Continental Cas. Co.*, 29 F.3d 292, 293-95 (7th Cir. 1994).  However, "[a]lthough

the 30-day time limit in § 1446(b) is not jurisdictional, it is mandatory and strictly  applied."

*Citibank, N.A. v. Grafmeyer*, No. 05 C 3680, 2005 WL 1799280, at *1 (N.D. Ill. July 27, 2005).

"The plaintiff has a right to remand if the defendant did not take the right steps when removing . .

. and . . . a removed matter must be remanded if there are any defects in the removal procedure."

*Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 384 (N.D. Ind. 1995).  Put another way, "[a]

defendant seeking removal must strictly comply with all the statutory requirements, and where there

is doubt as to whether the requirements have been satisfied, the case should be remanded."  *Ortiz*

*v. General Motors Acceptance Corp.*, 583 F. Supp. 526, 529 (N.D. Ill. 1984) (citation omitted).

Further, the burden of proof is on a removing defendant to establish the right to removal, including

strict compliance with the procedural requirements of the removal statutes.  *See id.* at 530.

### B.    Timeliness of Removal

The parties to this case do not dispute that the jurisdictional prerequisites for removal in

diversity are met, that is, Plaintiff and Defendants are of diverse state citizenship and an amount in

excess of $75,000, exclusive of interest and costs, is in controversy.[1]  Plaintiff raised a prompt

---

1.    The record establishes that Plaintiff is a citizen of Illinois and that Defendants are citizens of
Missouri, so that complete diversity of citizenship exists in this case.  Also, the parties do not dispute
that the jurisdictional amount in controversy is satisfied, *see Meridian Sec. Ins. Co. v. Sadowski*, 441
F.3d 536, 543 (7th Cir. 2006), and for the reasons discussed infra the Court concludes that the
jurisdictional minimum is met.   The record does not establish the citizenship of Third-Party
Defendant Kane Mechanical, Inc., but this has no bearing on the existence of federal subject matter
jurisdiction in this case.  In a removed case, the existence of federal subject matter jurisdiction is
assessed as of the time of removal and is not affected by post-removal events.  *See Shaw v. Dow
Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993); *In re Amoco Petroleum Additives Co.*, 964 F.2d
706, 708-09 (7th Cir. 1992).  While it is the case that in some instances joinder of a non-diverse
defendant after removal will require remand of a case removed from state court in diversity

objection to the timeliness of the removal of this case under 28 U.S.C. § 1446(b), and the sole issue

for the Court to decide is whether Defendants complied with the procedural requirements of

section 1446(b) by removing this case within thirty days of receiving notice, either through

Plaintiff's complaint or through other paper, that the case is removable in diversity.  The precise

question presented by Plaintiff's request for remand is whether Defendants removed this case within

thirty days of the date that they learned that an amount in excess of the jurisdictional minimum for

diversity purposes is in controversy in this case.

Plaintiff contends that, if the allegations of his state-court complaint did not put Defendants

on notice of a jurisdictionally-sufficient amount, then his response dated June 28, 2005, to a request

for admissions served on him by Defendants in which he denied that less than $75,000, exclusive

of interest and costs, is in controversy in this case should have alerted Defendants to the existence

of diversity jurisdiction.  Because Defendants failed to remove within thirty days of either service

of the complaint or receipt of the response to the request for admissions, Plaintiff argues that the

removal of this case is untimely.  Defendants insist in their turn that the removal of this case is

timely because the removal occurred within thirty days after Defendants received, on March 27,

2006, a certified transcript of a deposition of Plaintiff in which he testified to having $30,000 in

medical bills as a result of the incident giving rise to this case, as well as $300,000 in lost wages,

---

jurisdiction, *see* 28 U.S.C. § 1447(e), third-party claims lie within the supplemental jurisdiction of
a federal court and are not required to be supported by an independent basis in federal subject matter
jurisdiction.  *See Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th
Cir. 1983); *National Accident Ins. Underwriters, Inc. v. Citibank, F.S.B.*, 243 F. Supp. 2d 767, 768-
69 (N.D. Ill. 2002); *May's Family Ctrs., Inc. v. Goodman's, Inc.*, 104 F.R.D. 112, 116 (N.D. Ill.
1985).  As used throughout this Memorandum and Order, the term "Defendants" does not include
Third-Party Defendant Kane Mechanical, Inc.

showing that the jurisdictional amount for diversity purposes is met in this instance.[2]  In the Court's view, Plaintiff clearly has the better of the argument.  Plaintiff's complaint, which alleges that he has contracted chronic skin disease as a result of Defendants' negligence, was sufficient to put Defendants on notice of the existence of diversity jurisdiction in this case.  Even assuming for the sake of argument that the complaint was insufficient to set in motion the thirty-day period for removal, Plaintiff's refusal to admit that less that the jurisdictional minimum for diversity purposes is in controversy in this case put Defendants on notice of the existence of federal jurisdiction.

### 1.      Plaintiff's Complaint

This Circuit adheres of course to the view that the right of removal can be waived by a failure to effect timely removal where a defendant is on notice of the existence of federal subject matter jurisdiction in a case.  *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965-66 (7th Cir. 1982) (holding that the time period for removal was not revived when the plaintiff added new federal claims to a complaint, because the original complaint contained allegations of constitutional violations such as to make the case removable at its inception); *Jeffrey M. Goldberg & Assocs. v. Collins, Tuttle & Co.*, 739 F. Supp. 426, 430 (N.D. Ill. 1990) (finding that the addition of a "new tortious interference claim" that did not change the basic legal theory in an initially removable complaint did not set running a new thirty-day period for removal); *Herschman v. Travelers Ins. Co.*, No. 89 C 1109, 1989 WL 111848, at *2 (N.D. Ill. Sept. 21, 1989) (a defendant waived the right to remove a case where the initial complaint asserted federal claims

---

2.   Defendants have not put the transcript of Plaintiff's deposition in the record.  However, because the parties do not dispute that Plaintiff testified at his deposition in the manner described by Defendants, the Court will assume for purposes of the instant motion for remand the Plaintiff did so testify.  *See Sadowski*, 441 F.3d at 543.

when the case originally was filed; the addition of new federal claims to the complaint did not revive the defendant's right of removal).  The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship.  The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill. 1960). Correspondingly, courts should not encourage parties to "hold[ ] back" their "federal cards." *Wilson*, 668 F.2d at 966.  "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990).  When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of . . . [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely."  *Id*.

Consistent with the policy favoring prompt removal of cases, it is "a defendant's responsibility to ascertain from a reasonable and commonsense reading of the complaint whether the action is removable."  *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002).  Also, a defendant who wishes to remove a case to federal court cannot "wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court."  *Id*.  It is not the law that "cases are not removable until there has been an absolute affirmation via discovery . . . that more than $75,000 [is] in issue."  *Id*.  Instead, "courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount, thus triggering the 30-day removal period

under . . . [28 U.S.C.] § 1446(b)." *Id.* (collecting cases). *See also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are *no* numbers in the [complaint] at all," and holding that removal was untimely where it was apparent from the allegations of a complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy) (emphasis in original) (collecting cases).

In *McCoy* the court addressed the timeliness of the removal of a personal-injury case from state court. The complaint in *McCoy* asserted no demand for a specific damage amount, other than the $50,000 demand specified under Illinois Supreme Court Rule 222 for purposes of case assignment in Illinois state court. *See* 226 F. Supp. 2d at 940. The defendant had removed the case within thirty days after the plaintiffs had admitted under Illinois Supreme Court Rule 216 that an amount in excess of the jurisdictional minimum for diversity purposes was in controversy. *See id*. In evaluating the timeliness of removal, the court noted that the plaintiffs' complaint alleged that they had suffered "lasting and permanent injuries . . . and incurred bills related to . . . medical, surgical, hospital, and nursing care for their injuries . . . as well as . . . [lost] wages and profits which they otherwise would have earned and acquired." *Id*. at 941. "Plaintiffs further claimed that they suffered . . . severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis." *Id*.

The *McCoy* court held that the plaintiffs' allegations "should sound warning bells in defendants' ears that significant damages are sought" and that "it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages," rendering removal of the case later than thirty days after service of the complaint untimely. 226 F. Supp. 2d

at 941.  *See also Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (addressing sua sponte on appeal the issue of subject matter jurisdiction in a case removed in diversity, and holding that jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and where discussion between the parties' counsel led the removing defendant to believe the plaintiff's medical and rehabilitation expenses alone would exceed $75,000, and the plaintiff did not challenge the removing defendant's estimate of his potential damage); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the amount in controversy was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold.").

In this case, Plaintiff alleges that the negligence of Defendants in spraying chemicals at the construction site where he was injured "caus[ed] plaintiff . . . to sustain serious and permanent personal injuries."  Complaint ¶ 3.  Plaintiff alleges that he has suffered "great physical injuries," *id*. ¶ 4, and that "as a direct and proximate result of the negligence and carelessness of the defendants, . . . plaintiff . . . sustained injuries to his skin and body as a whole."  *Id.* ¶ 5.  Specifically, Plaintiff alleges that as a proximate result of Defendants' negligence "he incurred folliculitis, irritant contact dermatitis, mil[i]aria rubra and p[r]urigo nodularis."  *Id.*  Plaintiff alleges also that he "suffered, suffers and will in the future continue to suffer great physical pain and mental anguish."  *Id.*  Plaintiff alleges that "the function of all of the said areas and parts of plaintiff['s] . . . body has been and will be in the future greatly impaired and diminished, and plaintiff['s] . . . ability to work and to labor has been greatly diminished and that all of the plaintiff['s] . . . injuries

. . . are permanent and progressive." *Id.* ¶ 6.  Plaintiff alleges that "as a direct and proximate result of the said occurrence and injuries sustained by plaintiff . . . [he] has been caused to incur medical expenses for medicines, doctors, x-rays, medical institutions and prescriptions and will in the future be required to expend further sums[.]" *Id.* ¶ 7.  Plaintiff alleges also that "as a direct and proximate result" of his injuries, "plaintiff has been caused to lose time from [his] employment[.]" *Id.* ¶ 8. Finally, as per Illinois Supreme Court Rule 222, Plaintiff's counsel attests in support of the complaint that at least $50,000 is in controversy.  *See id.* at 5-6.

The allegations of Plaintiff's complaint assert a claim for personal injuries that clearly is worth an amount in excess of $75,000, exclusive of interest and costs.  Plaintiff alleges that, as a result of Defendants' negligence, he suffers from chronic, painful skin disease.  The Court judicially notices that *prurigo nodularis* is "[a] chronic disease of the skin marked by a persistent eruption of papules that itch intensely."  *Stedman's Medical Dictionary* (27th ed. 2000).  *See also Hines v. Secretary of Dep't of Health & Human Servs.*, 940 F.2d 1518, 1525-26 (Fed. Cir. 1991) (a court could take judicial notice of authoritative data regarding the incubation period of measles set out in a medical textbook); *Franklin Life Ins. Co. v. William J. Champion & Co.*, 350 F.2d 115, 130 (6th Cir. 1965) (the court took judicial notice of the fact that cancer does not manifest itself quickly but lies dormant, typically for long periods).  Naturally the Court does not mean to suggest that Plaintiff's allegations are true or that Plaintiff is likely to prevail on his claims.  *See Peckmann v. Thompson*, 966 F.2d 295, 298 (7th Cir. 1992) (an inquiry into subject matter jurisdiction is distinct from an inquiry into the merits of a case).  However, it is clear to the Court that Plaintiff's allegations of chronic, severe skin disease, pain and suffering, and past and future medical expenses and lost earnings are such that they should have put Defendants on notice of the existence of a

jurisdictionally-sufficient amount in controversy in this case within thirty days after service of the complaint. *See Andrews*, 447 F.3d at 514-15; *Rising-Moore*, 435 F.3d at 815; *McCoy*, 226 F. Supp. 2d at 941. Defendants' failure to remove the case within thirty days after service of the complaint is fatal to the removal of this case.

### 2. Plaintiff's Response to Defendants' Request for Admissions

After failing to remove this case within thirty days after service of Plaintiff's complaint, Defendants bypassed still another potential opportunity for removal after Plaintiff formally denied that the jurisdictional amount for diversity purposes is not satisfied in this case. On June 28, 2005, Plaintiff made the following responses to a request for admissions served on him by Defendants regarding the amount in controversy in this case:

> Defendants Jay Henges Enterprises, Inc., J. Henges Enterprises, Inc., Henges Interiors, Inc., and Henges Interiors, . . . pursuant to Rule 216 of the Supreme Court Rules of Illinois, request[ ] plaintiff to admit the truth of the following matters:
>
> 1)     That the amount in controversy does not exceed $75,000, exclusive of interest and costs.
>
> Denied
>
> 2)     That plaintiff will not seek more than $75,000 in damages in the case.
>
> Denied
>
> 3)     That plaintiff will not enforce any judgment in excess of $75,000, exclusive of interest and costs, in this case.
>
> Denied

Doc. 10, Ex. A. Just as "plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum," *Rubel*, 361 F.3d at 1020, so a plaintiff's denial of a request for an admission that an amount below the jurisdictional minimum for diversity purposes is in

controversy in a case is "other paper" under 28 U.S.C. § 1446(b) authorizing removal of the case

in diversity. *See, e.g., Field v. National Life Ins. Co.*, No. 8:00-CV-989-T-24TBM, 2001 WL 77101,

at *8 (M.D. Fla. Jan. 22, 2001); *McLain v. American Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631

(S.D. Miss. 1998); 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E.

Steinman, *Federal Practice & Procedure* § 3732 (3ᵈ ed. 1998 & Supp. 2006) (collecting cases).

It is debatable, of course, whether Plaintiff's denial of Defendants' request for admissions

was effective to revive Defendants' right to remove in this case, given the allegations of Plaintiff's

complaint showing that a minimum amount sufficient for diversity purposes is in controversy. *See*

*Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 947-48 (N.D. Ill. 2005) (holding that

removal of a case was untimely, notwithstanding a plaintiff's admission that the jurisdictional

amount for diversity purposes was in controversy, where the allegations of the complaint were

sufficient to show the existence of a jurisdictionally-sufficient amount in controversy); *McCoy*, 226

F. Supp. 2d at 941-43 (same).[3]  In any event, Defendants failed to remove the case within thirty days

of receipt of Plaintiff's denial of their requests for admissions regarding the amount in controversy.

*See Green v. Clark Ref. & Mktg., Inc.*, 972 F. Supp. 423, 425-26 (E.D. Mich. 1997) (holding that

removal was untimely where the defendants failed to remove within thirty days after receipt of

responses to requests for admissions in which the plaintiff denied that she was not seeking in excess

---

3.    In Plaintiff's response to Defendants' request for admissions, Plaintiff admitted that he is a
citizen of Illinois, a fact that is not clear on the face of Plaintiff's complaint, which merely pleads
that the transaction giving rise to this case occurred in St. Clair County, Illinois.  *See* 735
ILCS 5/2-101(2).  Assuming that Plaintiff's complaint did not put Defendants on notice of the
existence of complete diversity of citizenship in this action, then Plaintiff's response to Defendants'
request for admissions concerning his Illinois citizenship would permit Defendants to remove the
action more than thirty days after service of the complaint.  *See Deaker v. Bell Helicopter*
*Textron, Inc.*, Civ.A. No. H-94-2387, 1995 WL 559359, at **3-4 (S.D. Tex. Sept. 21, 1994).

of $75,000).  Whether the time to remove is measured from when Defendants received Plaintiff's complaint or when Defendants received Plaintiff's response to Defendants' request for admissions regarding the amount in controversy, it is clear that the removal of this case is untimely.  *See Thornton v. Signature Flight Support Corp.*, No. 04 C 5795, 2004 WL 2608291, at **2-3 (N.D. Ill. Oct. 14, 2004) (holding that removal was untimely where the existence of a jurisdictionally-sufficient amount in controversy was clear from the allegations of the plaintiff's complaint and was made "even more clear" by the plaintiff's responses to interrogatories, yet the defendant failed to remove within thirty days of receipt of either); *Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896, 902-03 (N.D. Ill. 2004) (removal was untimely where, although the allegations of the complaint were sufficient to put the defendants on notice of the existence of diversity jurisdiction, "[i]f Defendants entertained genuine doubts concerning the amount in controversy," such doubts should have been dispelled by the plaintiff's responses to interrogatories, yet the defendants failed to remove until after they had taken the plaintiff's deposition).

The removal statutes require only that a defendant seeking a federal forum have a reasonable certainty of federal jurisdiction, not an absolute certainty.  To effect removal, "all that a conscientious defendant needs is a reasonable basis in fact to believe that diverse citizenship and the amount requirements are satisfied."  *Huntsman Chem. Corp. v. Whitehorse Techs., Inc.*, No. 97 C 3842, 1997 WL 548043, at *6 (N.D. Ill. Sept. 2, 1997).  *See also Rubel v. Pfizer Inc.*, 276 F. Supp. 2d 904, 908 (N.D. Ill. 2003) (noting that all that is required for removal in diversity jurisdiction is "a good faith, minimally reasonable belief that the suit might result in a judgment in excess of [$75,000]").  Defendants' conduct in failing to remove this case after they were placed on notice of a jurisdictionally-sufficient amount in controversy for diversity purposes first by Plaintiff's

complaint and later by Plaintiff's response to Defendants' request for admissions was not reasonable and therefore dooms the removal of this case. The Court notes that Defendants' delay in removing this case despite receiving clear evidence of federal subject matter jurisdiction on more than one occasion may have been prompted by something more than a desire to establish with perfect certainty the precise amount in controversy in this case. The record shows that this case was dismissed by the state court on December 29, 2005, for want of prosecution, apparently due to a clerical error, but was reinstated on Plaintiff's motion on January 9, 2006. *See* Doc. 1 at 17, 18-19, 20. Although it is clear from Defendants' request for admissions regarding the amount in controversy that Defendants were contemplating removal of this case as early as June 2005, *see id.* at 12-16, it was only after the dismissal and reinstatement of the case that Defendants at last sought removal. In short, the record in this case suggests jurisdictional gamesmanship of the kind that the policy favoring prompt removal of actions aims to prevent. *See Gallagher*, 1990 WL 129611, at *5 (stating that permitting a defendant to move to dismiss a case in state court, then, when the motion is denied, seek removal of the case to federal court undermines the policy underlying 28 U.S.C. § 1446(b)).

The Court need not speculate about Defendants' motives in pursuing removal of this case so belatedly, other than to note that, in finding that the removal of this case is untimely, the Court is in accord with authority holding that a defendant may not avoid the statutory time limits on removal by insisting on amassing absolute proof of the existence of federal subject matter jurisdiction where only reasonable proof is required. While defendants should never remove cases where they have less than a reasonable certainty that the jurisdictional amount is satisfied, neither should they be able to toll the removal clock indefinitely through reliance on the discovery process

to establish jurisdictional prerequisites with absolute certainty.  *See Rubel*, 361 F.3d at 1020 (observing that courts cannot make local rules that condition removal on discovery responses and thus "block[ ] . . . defendants from making an independent estimate of the amount in controversy."); *International Ins. Co. v. Saco Defense, Inc.*, No. 98 C 3628, 1998 WL 939680, at *5 (N.D. Ill. Jan. 8, 1998) (noting that the federal removal statutes do not favor "a defendant who . . . sit[s] on his right to remove until such time as he deems it provident to discover from the plaintiff the requisite jurisdictional facts and remove the case to federal court.").  In this case, Defendants ignored clear evidence of the existence of federal subject matter jurisdiction and failed to remove promptly under 28 U.S.C. § 1446(b).  Plaintiff having raised a timely objection to this procedural defect in removal, the Court must remand this case.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Doc. 10) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, by reason of the untimeliness of the removal of this action.

**IT IS SO ORDERED.**

DATED:  06/30/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge